Samuels, J.
This was an action of debt brought on a single bill in the name of Cyrus Ross the obligee, for the use of Jesse Flowers, against James P. Wilson a principal debtor, and James Devers his surety. A joint plea of payment was filed by the defendants, and issue made up thereon. A separate plea was filed by Devers the surety, alleging in substance, that this party executed the single bill as surety; that it had been assigned and delivered by the obligee Ross to one William Martin ; that Martin for the use of Jesse Flowers, had instituted an action thereon against the obligors. That during the pendency of this action, an agreement under seal was made between Martin and Wilson the principal debtor, whereby Wilson agreed to pay all costs that had accrued upon the suit; and that Martin, without the knowledge, privity or consent of Devers the surety, agreed to forbear and *253 give day of payment of said debt until a day certain: that the costs were paid and the suit dismissed, and the forbearance accorded and day of payment given according to the terms of the contract between Martin and Wilson; but without the knowledge, privity or assent of Devers the surety. A special replication to this plea was filed, and a rejoinder to the replication without bringing the parties to issue. The court, without noticing the plea of payment, gave judgment for the plaintiff as upon a demurrer to the rejoinder, although no demurrer thereto appears in the record.
It was decided by this court in the case of Ward v. Johnson, 6 Munf. 6, that a confession of judgment by the principal, with stay of execution for a definite time without the assent of the surety, did not, at law, discharge the surety from his liability.
In the case before us, the assurance of indulgence, it is alleged, was given in the covenant of Martin who had been the holder of the bond, but who had brought suit thereon in the name of Ross the obligee for the use of Flowers. It is by no means clear, that Martin had any authority under the facts alleged in the plea to control the debt at all. Giving to the plea, however, the construction most favorable to the defendant, and holding that Martin had control of the debt, and might enter into such a covenant for indulgence, yet the case falls within the principle declared in the case of Ward v. Johnson: a covenant not to sue for a limited time, does not release the debt. It is equally well settled that if a creditor shall make a contract with his principal debtor for an extension of the time of payment, he does not thereby afford the surety for the debt, a plea in bar in a suit at common law; the surety must seek relief, if entitled to any, in a court of equity. Ward v. Johnson, 6 Munf. 6; Steptoe's adm'rs v. Harvey's ex'ors, 7 Leigh 501.
I am therefore of opinion the court below might *254 have refused to receive the plea, or having received it, might have stricken it out; or if a verdict had found the truth of the plea, might have rendered a judgment “ non obstante veredicto.” The court fell into no error in overruling the plea.
The court, however, should not have rendered a judgment against the defendants without disposing of the issue on the plea of payment; the plaintiff can have no judgment until this issue shall be found in his favor.
I am of opinion to reverse the judgment, and to remand the cause for the purpose of trying the issue on the plea of payment.
The other judges concurred in the opinion of Samuels, J.
Judgment reversed.